J-S50019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRELL WAYNE LEWIS A/K/A | : | |
| KEITH FORTUNA | : | |
| | : | No. 1885 WDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order December 7, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001975-2015

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 24, 2018**

Darrell Wayne Lewis a/k/a Keith Fortuna ("Lewis") appeals from the order entered December 7, 2017, in the Allegheny County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Lewis seeks relief from the judgment of sentence of an aggregate 10 years' probation, imposed following his guilty plea to one count each of aggravated assault and endangering the welfare of a child[2] for injuries sustained by his then four and one-half month old daughter while she was in his care. Concomitant with this appeal, counsel has filed a

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] *See* 18 Pa.C.S. §§ 2702(a)(8) and 4304, respectively.

petition to withdraw and a **Turner**/**Finley**[3] "no merit" letter. Because we conclude the PCRA petition was untimely filed, we affirm, and grant counsel's petition to withdraw.

The facts underlying Lewis' guilty plea are well known to the parties, and we need not recite them in detail herein. In summary, the victim, Lewis' four and one-half month old daughter, sustained burns to her face while she was in his care. Lewis admitted he was responsible for the injuries, which he claimed occurred when he placed a hot wash cloth on her face during a bath. **See** N.T., 3/9/2016, at 8. One of the victim's treating physicians reported "she believed the burns to be caused by a hot liquid" being dripped down the infant's cheek. **Id.** Lewis was subsequently charged with aggravated assault and endangering the welfare of a child.[4]

On March 9, 2016, Lewis entered a negotiated guilty plea to both charges. In exchange for the plea, the Commonwealth agreed to a sentence of probation. Following a hearing, the trial court accepted Lewis' guilty plea and imposed consecutive sentences of five years' probation for each offense. No direct appeal was filed.

On June 8, 2017, Lewis filed a *pro se* document in the trial court entitled, "Petition for Reduction or Suspension of Sentence." He claimed he was "over

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc).*

[4] The child's mother was also arrested. Both parents tested positive for opiates at a shelter hearing for the victim. **See** N.T., 3/9/2016, at 8.

charged" with aggravated assault, and agreed to plead guilty upon the condition that he would be sentenced to "a probation term of 1-2 [years] with [the aggravated assault charge] dropped." Petition for Reduction or Suspension of Sentence, 6/8/2017, at 2. The trial court considered Lewis' request for relief to be a PCRA petition, and, consequently, appointed counsel to represent him. *See* Order, 7/11/2017.

On August 8, 2017, PCRA counsel filed a motion for leave to withdraw, concluding Lewis' petition was both untimely filed and meritless. Thereafter, on September 7, 2017, the PCRA court issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. No response was filed to the Rule 907 notice. Accordingly, on December 7, 2017, the court entered an order dismissing the petition. Although the PCRA court agreed with counsel's assessment of Lewis' potential claims, it denied counsel's motion to withdraw. This timely appeal followed.[5]

Prior to addressing the merits of this appeal, we must first consider whether counsel has fulfilled the procedural requirements for withdrawal. ***Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016). Pursuant to ***Turner***/***Finley*** and their progeny:

> Counsel petitioning to withdraw from PCRA representation must … review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to

---

[5] Counsel attached to her notice of appeal a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.  Counsel must also send to the petitioner:  (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

[W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of *Turner*/*Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, our review reveals counsel has substantially complied with the procedural aspects of *Turner*/*Finley*.  Although she filed a brief, as opposed to a "no merit" letter, counsel's brief properly lists the issues Lewis wishes to be reviewed, as well as two procedural claims raised solely by counsel, and explains why they are meritless.  *See* Lewis' Brief at 8-21.  Furthermore, counsel provided Lewis with a copy of the brief and the petition to withdraw, and advised him of his right to proceed *pro se* or with private counsel.  *See* Application for Leave to Withdraw as Counsel Under *Turner* and *Finley*, 6/18/2018.  Lewis has not responded to counsel's petition.  Therefore, we proceed to a consideration of whether the PCRA court erred in dismissing the petition.  *See Doty*, *supra*.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted).  Here, the PCRA court determined, *inter alia*, that Lewis' petition was untimely filed.[6]  We agree.  A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  ***See*** 42 Pa.C.S. § 9545(b)(1).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature.  ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000)).  The court cannot ignore a petition's untimeliness and reach the merits of the petition.  ***Id.***

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

Lewis' judgment of sentence was final on April 8, 2016, 30 days after the trial court imposed sentence and Lewis neglected to file a direct appeal.  ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).  Therefore, he had until April 8, 2017, to file a timely PCRA petition.  The one before us, filed June 8, 2017, is patently untimely.

---

[6] We note the court also addressed the merits of Lewis' underlying contentions in its opinion.  However, our Supreme Court has stated "[a] PCRA court may not examine the merits of a petition that is untimely."  ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 726 (Pa. 2003).

Nevertheless, an untimely PCRA petition may still be considered if one of the three time for filing exceptions applies.[7] *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Here, the *pro se* document filed by Lewis does not invoke any of the time for filing exceptions, nor does counsel assert that any of the exceptions apply. *See* Petition for Reduction or Suspension of Sentence, 6/8/2017;

_____

[7] Section 9545(b) provides, in relevant part:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

- 6 -

Lewis' Brief at 19-21. Upon our independent review, we conclude that neither of the claims Lewis seeks to litigate – the sufficiency of the evidence supporting the charge of aggravated assault and the voluntariness of his plea – implicate any of the timing exceptions. Lewis does not contend that (1) interference by governmental officials prevented him from raising the claims previously, (2) either issue involves recently discovered facts that could not have been uncovered previously with the exercise of due diligence, or (3) he is entitled to relief pursuant to newly recognized constitutional right. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Indeed, Lewis knew, or could have readily ascertained, at the time of his guilty plea, that the incident "was ruled an accident by Mercy Hospital Burn Unit." Petition for Reduction or Suspension of Sentence, 6/8/2017, at 2. Moreover, as soon as the trial court imposed an aggregate sentence of 10 years' probation, Lewis knew the court did not abide by what he contends was an agreement that he would serve only one to two years' probation. **See id.** Therefore, Lewis cannot establish the applicability of any of the timing exceptions in Subsection 9545(b)(1).

We note PCRA counsel addressed the following two additional claims in her "no merit" brief: (1) the PCRA court failed to follow proper **Tuner**/**Finley** procedure when it agreed with her analysis of Lewis' claims, but denied her motion to withdraw; and (2) this Court must "excuse waiver of any objections [Lewis] could/would have filed," if not for the PCRA court's failure to follow proper procedure, which led to confusion as to the status of Lewis'

representation. Lewis' Brief at 10-13. Counsel ultimately determined, however, that both errors were harmless because the petition was untimely filed.

The PCRA court explained the reason underlying its denial of counsel's motion to withdraw as follows:

> The crux of Lewis' position appears to be that his lawyer's motion to withdraw should have been granted soon after the Court issued its Notice of Intent to Dismiss where it expressed concurrence with counsel's review of the matter. The record supports the conclusion that counsel's motion to withdraw was not ruled upon. It has been this Court's experience that there are times that the pro se litigant in responding to a Notice of Intent to Dismiss will bring forth an issue that the lawyer did not. When that happens, the Court does not want to get into the quagmire of having to re-appoint the recently departed lawyer to then provide a counseled exploration of the new issue. So, the Court has taken the approach that withdraw requests will not be granted unless and until the defendant responds to the Notice or, after a sufficient time has lapsed, and no response is received. Furthermore, the Court's experience has been that the elementary steps to perfecting an appeal are very burdensome for a pro se litigant to accomplish. As such, it has become the Court's practice to grant motions to withdraw after the appeal has been docketed.
>
> … Filing a motion to withdraw does not terminate counsel's obligations to [her] client. The obligations only end when the motion is granted. If there was any confusion, that was the fault of counsel and Mr. Lewis.

PCRA Court Opinion, 6/6/2018, at 2.

Our review of the relevant case law reveals no requirement that a court **must** grant PCRA counsel's petition to withdraw upon its determination that the issues raised in the petition are meritless. Here, the PCRA court provided a reasoned explanation for its denial of counsel's motion. Furthermore, neither Lewis nor counsel has demonstrated that Lewis was prejudiced by the

- 8 -

court's actions. Accordingly, we conclude the court's denial of counsel's request to withdraw, if erroneous, was harmless. Furthermore, with respect to counsel's request that we find any potential responses to the Rule 907 notice not waived (due to the fact that there was confusion regarding counsel's continued representation), we emphasize that Lewis has provided no potentially waived claims either through counsel, or in a response to counsel's **Turner**/**Finley** "no merit" brief. Therefore, again, any error on the part of the PCRA court was harmless.

Accordingly, because we conclude Lewis' PCRA petition was untimely filed, and Lewis failed to invoke any of the time for filing exceptions, we affirm the order of the PCRA court denying relief. Furthermore, we grant PCRA counsel's petition to withdraw.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2018